LOTTINGER, Judge.
This is a suit by Teri Lynn Baker against Carolyn S. Jones and her insurer, Safeco *424 Insurance Companies, for personal injuries as a result of an automobile accident. A jury rendered judgment in favor of plaintiff for $1,125.00. Plaintiff appealed contesting the amount of the award.
The record reflects that plaintiff suffered injury to her neck and upper back as a result of the accident which occurred on December 1,1978. On December 4 plaintiff consulted Dr. Charles S. Kennon, an orthopedic surgeon, for treatment of her injuries. Dr. Kennon found plaintiff to have a 50 percent restriction in the movement of her neck. X-rays were taken and showed no abnormality in the disc spaces. Dr. Ken-non’s impression was that plaintiff had suffered a cervical or thoracic sprain or strain.
After the initial visit in December, plaintiff consulted Dr. Kennon eight more times over the next seven months. At most of these visits, plaintiff’s major complaints were a lump on the left side of her neck and pain in her neck. On the last visit, June 1, 1979, Dr. Kennon discharged plaintiff, having found that her condition was significantly improved. He concluded that plaintiff would have no permanent disability.
Plaintiff did not again consult a physician until she returned to see Dr. Kennon in January of 1980. During the interim between June 1, 1979, and January of 1980, plaintiff was involved in another accident in August of 1979. When plaintiff returned to Dr. Kennon in January of 1980 she was again complaining of neck pain. Her neck had apparently been doing all right until a few weeks before this visit. During plaintiffs visit of June 1980, Dr. Kennon arranged for her to consult with a neurosurgeon. Dr. Clifford, a neurosurgeon, stated that it was a toss-up as to whether or not plaintiff had a disc injury.
The trial jury was apparently impressed with the fact that plaintiff was not seriously injured in the December 1 automobile accident. At the time of the accident plaintiff was not employed, but subsequently obtained employment for approximately two months. She testified that she left this employment because of personal reasons as well as her neck pain.
Once again we are called upon to determine whether the trier of fact has abused its discretion in an award of general damages. After a thorough and detailed review of the record, we conclude that there has been no abuse, and though this award may seem conservative, it is not so excessively low as to shock our conscience. Hanzy v. Sam, 385 So.2d 355 (La.App. 1st Cir. 1980), writ denied 386 So.2d 357 (La.1980).
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.